FILED

2011 Jan-13  PM 03:01
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **HECTOR QUEZADA-ARTIAGA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:10-CV-2820-VEH** |
| | ) | |
| **LA MACARENA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Hector Quezada-Artiaga's

("Quezada-Artiaga") Motion for Entry of Default and Entry of Default Judgment

(Doc. 6) against Defendant La Macarena, Inc. ("La Macarena"). La Macarena has

been placed on notice of the default proceedings against it, but it has failed to availed

itself of the opportunity to be heard in opposition to Quezada-Artiaga's request. For

the reasons discussed in this Memorandum Opinion, the pending Motion is due to be

**GRANTED**.

## I. BACKGROUND

On October 18, 2010, Quezada-Artiaga filed his Complaint (Doc. 1) against La

Macarena in this Court. The Complaint alleged that Quezada-Artiaga was an

employee of La Macarena, who operated the restaurant at which Quezada-Artiaga

worked as a bus boy. (Doc. 1 at ¶¶ 8, 11-12). Quezada-Artiaga alleges that he was

paid below the minimum wage for bus boys. (Doc. 1 at ¶ 15). Additionally,

Quezada-Artiaga avers that La Macarena improperly treated him as a salaried exempt

employee, thereby improperly denying him the premium overtime rate of pay for each

hour worked above forty per work-week. (Doc. 1 at ¶¶ 13-14). By engaging in this

conduct, La Macarena violated 29 U.S.C. § 207 by failing to pay overtime wages to

Quezada-Artiaga, and La Macarena violated 29 U.S.C. § 206 by failing to pay

Quezada-Artiaga the appropriate minimum wage. (Doc. 1 at ¶¶ 24-28).

Quezada-Artiaga served La Macarena with a copy of the Summons, together

with a copy of his Complaint, on November 5, 2010. (Doc. 4). La Macarena failed

to file an answer or otherwise defend itself by the November 26, 2010, deadline and

on December 6, 2010, Quezada-Artiaga filed the instant motion, which combined

both a motion for entry of default and motion for default judgment. (Doc. 6). The

clerk made an Entry of Default on December 7, 2010. (Doc. 7). On December 7,

2010, the Court issued an Order to Show Cause why a Default Judgment should not

be entered. (Doc. 8). La Macarena was ordered to provide an explanation for its

failure to respond by December 28, 2010. La Macarena has failed to file any

response to the court's Order.

## II.    ANALYSIS

## A.     Legal Basis for Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  However, entry of a default under Rule 55(a) does not entitle a party to his requested relief. Either the clerk or the court must enter a default judgment under Rule 55(b).  Here, the Court, and not the clerk, acts pursuant to Rule 55(b)(2).

The clerk's entry of default does not automatically entitle Quezada-Artiaga to judgment.

> There must be a sufficient basis in the pleadings for the judgment entered.  The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.  In short, a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover.

*E Beats Music v. Andrews*, 433 F. Supp. 2d 1322, 1325 (M.D. Ga. 2006) (quoting *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1].

Judge William H. Steele of the Southern District of Alabama has provided a helpful and succinct summary of the applicable standards for a court to apply when

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

addressing a pending motion for default judgment.

> Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commer. Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim).   Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

*Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-92 (S.D. Ala. 2007).

Thus, the legal effect of the defendant's default is that the facts averred by the plaintiff in the complaint are deemed admitted. *See Nishimatsu Const. Co.*, 515 F.2d at 1206 ("[D]efendant, by his default, admits the plaintiff's well-pleaded allegations of fact."); *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997) (explaining that "when a default judgment has been entered, facts alleged in the complaint . . . may not be contested by the defaulted party").   Accordingly, the Court looks to the factual bases in the Complaint to determine whether they state a claim that entitles Quezada-Artiaga to relief.

Quezada-Artiaga's Complaint consists of two counts, both of which arise under

the Fair Labor Standards Act ("FLSA").  Thus, the first question is whether the Act applies to La Macarena.

Quezada-Artiaga avers that La Macarena acted as an "employer" within the meaning of the Fair Labor Standards Act.  (Doc. 1 at ¶ 10); *see* 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee.").  Whether a person is an "employer" under the FLSA is a question of law.  *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986). Because the facts averred in the Complaint (admitted as a result of La Macarena's default) establish that La Macarena "operates" a restaurant, the Court finds that La Macarena is an "employer" under the FLSA.  (Doc. 1 at ¶ 8).  Through his job as a bus boy, Quezada-Artiaga acted as an "employee" within the meaning of the FLSA. *See* 29 U.S.C. § 203(e)(1).  Also, by operating a restaurant (Doc. 1 at ¶8), La Macarena engaged in "commerce" within the meaning of 29 U.S.C. § 203(s)(1). Therefore, the FLSA, on its face, applies to La Macarena.  The Court now turns to the sufficiency of each count alleged under the FLSA.

According to Count I, La Macarena violated 29 U.S.C. § 206 by willfully failing to compensate Quezada-Artiaga for all hours worked during his employment at the minimum rate required by the FLSA.  (Doc. 1 at ¶¶ 22, 24).  Under § 206:

Every  employer  shall  pay  to  each  of  his  employees  who  in  any

workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section not less than –

(A) $ 5.85 an hour, beginning on the 60th day after . . . May 25, 2007[];

(B) $ 6.55 an hour, beginning 12 months after that 60th day; and

(C) $ 7.25 an hour, beginning 24 months after that 60th day[.]

29 U.S.C. § 206(a)(1).[2]

Given that Quezada-Artiaga alleges that La Macarena failed to pay him for all the hours he has worked, his allegations can support a claim for violation of the FLSA's minimum wage provision.

In Count II, Quezada-Artiaga asserts that La Macarena violated 29 U.S.C. § 207 by willfully failing to compensate him at the premium overtime rate required for all hours worked above 40 in a work week.  (Doc. 1 at ¶ 26).  Quezada-Artiaga asserts that he was typically required to work more than 60 hours per week.  (Doc. 1

---

[2]  In the Complaint, although he does not state his age, Quezada-Artiaga avers that he is over the age of 19.  (Doc. 1 at ¶ 5).  29 U.S.C. § 206 provides that a newly hired employee who is less than 20 years old may be paid, in lieu of the rate prescribed by subsection (a)(1), "during the first 90 consecutive calendar days after such employee is initially employed by such employer, a wage which is not less than $ 4.25 an hour."  29 U.S.C. § 206(g)(1).

at ¶ 17).  These facts, which are deemed admitted, state a claim for violation of the

FLSA's overtime provisions, since Quezada-Artiaga did not receive "a rate not less

than one and one-half times the regular rate at which he is employed" for his

additional hours.  29 U.S.C. § 207(a)(1).

Since the facts alleged in the Complaint are sufficient to establish La

Macarena's liability under both counts of the Complaint, and because La Macarena

has made no attempt to defend this action since it was initiated, the court now turns

to Quezada-Artiaga's requested remedies, which consist of damages, attorney's fees,

and costs.

## B.    Remedies

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs'

allegations relating to the amount of damages are not admitted by virtue of default;

rather, the court must determine both the amount and character of damages." *Virgin*

*Records Am., Inc.*, 510 F. Supp. 2d at 593 n.5; *see also Anheuser Busch, Inc. v.*

*Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial

determination of damages absent factual basis in record).

The court may make its determination as to the appropriate remedy with or

without a hearing.[3]  Addressing this issue in another case, Judge Steele again provides

---

[3]  No jury has been demanded in this case.

this Court with a helpful framework, writing:

> [T]here is no requirement that a hearing be conducted in all default judgment proceedings to fix the appropriate level of damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (explaining that evidentiary hearing is not *per se* requirement for entry of default judgment, and may be omitted if all essential evidence is already of record). Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required. *See, e.g., Chudasama*, 123 F.3d at 1364 n.27 (judicial determination of damages is unnecessary where claim is for sum certain or for sum which can by computation be made certain); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (award of statutory damages was improper "without a hearing or a demonstration by detailed affidavits establishing the necessary facts"); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002) (district court did not abuse discretion, based on record before it, in declining to hold hearing before awarding statutory damages); *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (evidentiary hearing not necessary where facts in the record enable the court to fix the amount which the plaintiff is lawfully entitled to recover); *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (although court must make independent determination of the sum to be awarded, court need not hold a hearing, but may rely on detailed affidavits or documentary evidence); *United States v. Cabrera-Diaz*, 106 F. Supp. 2d 234, 243 (D.P.R. 2000) (similar).

*Atl. Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1025 (S.D. Ala. 2007) (footnote omitted). In the current case, a hearing is necessary, because Quezada-Artiaga did not provide the Court with sufficient documentary evidence to support his requests for relief.

## III.    CONCLUSION

Therefore, for the reasons discussed in this Memorandum Opinion, Quezada-Artiaga's Motion for Default Judgment is due to be **GRANTED**.  A hearing on the amount of damages will be scheduled by separate order.

**DONE** and **ORDERED** this the 13th day of January, 2011.


_____

**VIRGINIA EMERSON HOPKINS**
United States District Judge